IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ELIO FERNANDO CABALLERO
PAZ,
Institutional ID No. 221-475-337

                Plaintiff,

v.                                                                    No.  1:26-CV-00299-H

WARDEN, BLUEBONNET
DETENTION CENTER,

              Defendant.

## ORDER

Plaintiff Elio Fernando Caballero Paz, a self-represented immigrant detainee, filed a habeas petition under 28 U.S.C. § 2241. *See* No. 1:26-CV-00293-H.  On June 23, 2026, the Court construed some of the grounds in the petition to allege new claims regarding the conditions of his confinement, severed them, and opened this civil-rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Dkt. Nos. 1, 2.  The Court instructed Plaintiff to file an amended complaint, pay the filing fee, or seek leave to proceed *in forma pauperis* (IFP) within 30 days if he wanted to pursue his civil-rights claims.  Now, as explained below, the Court dismisses the complaint for want of prosecution under Federal Rule of Civil Procedure 41(b).

On June 23, 2026, the Court notified Plaintiff of its intent to entertain his claims regarding the conditions of his confinement as a new civil-rights complaint.  The Court instructed Plaintiff that, if he wished to proceed with his claims, he must, within 30 days, (1) file an amended complaint on the proper form, and (2) either pay the $405.00 filing fee or submit an IFP application.  Alternatively, the Court gave Plaintiff the opportunity to

voluntarily withdraw the case before assessment of the filing fee by filing a notice within 30 days. The Court advised Plaintiff that failure to comply within 30 days would result in dismissal of the new civil action for want of prosecution without further notice. Plaintiff did not comply with or respond to the June 23 order, and the time to do so has passed.

Rule 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

Plaintiff has failed to comply with the Court's orders or show good cause why his case should not be dismissed. The Court therefore dismisses this civil action without prejudice for want of prosecution and for failure to comply with the Court's prior orders.

So ordered.

Judgment will be entered accordingly.

All relief not expressly granted is denied, and any pending motions are denied.

Plaintiff is admonished that if he refiles his complaint, he must file a complete amended complaint on the court-approved form and either pay the full filing fee of $405.00 or file an IFP application.

Dated August 14, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2